UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINIQUE M. KEIMBAYE;<br><br>Plaintiff,<br><br>v.<br><br>GROUP HEALTH COOPERATIVES/<br>KAISER PERMANENTE, ET AL.,<br><br>Defendants. | Case No. C17-963MJP<br><br>ORDER GRANTING MOTION TO<br>DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6). Dkt. #14. Plaintiff Dominique Keimbaye opposes the Motion. Dkt. #22.

The Court has reviewed Defendants' Motion and the remainder of the record and finds that dismissal without prejudice is warranted. The Court need not discuss the underlying facts of this case to reach this conclusion. Defendants are correct that Plaintiff's Complaint does not establish subject matter jurisdiction. There are no allegations that could be construed to support diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). There is also no claim establishing federal question jurisdiction under 28 U.S.C. § 1331, for example a claim under Title VII of the Civil Rights Act. Plaintiff's nebulous citation to "federal and State labor laws" in the Complaint is insufficient, *see* Dkt. #1 at 2, and Defendants are correct that a claim for an unfair labor practice under federal labor law would require Plaintiff to show that he brought such a claim to the NLRB

prior to filing this suit, *see* Dkt. #14 at 6-7. Although Plaintiff argues in Response that he is bringing a Title VII claim, Dkt. #22 at 2, this claim is not contained in his Complaint as required. Further, Defendants argue on Reply that "[a]llowing Plaintiff to amend his Complaint to plead a cause of action under Title VII will not cure the subject matter defect since it is clear that Plaintiff has not first exhausted his administrative remedies [through the EEOC]." Dkt. #23 at 3. The Court agrees with Defendants. This case can be dismissed in its entirety based solely on a lack of subject matter jurisdiction.

Alternatively, the Court dismisses for failure to properly serve. Defendants argue that service was improper because Plaintiff personally served Defendants and because Plaintiff apparently served a person who was not authorized to accept service on behalf of any of the named Defendants. Dkt. #14 at 7-8. Plaintiff appears to tacitly admit these failures of service. Dkt. #22 at 5. The Court agrees that Plaintiff's method of service violated Rule 4(c)(2) and otherwise did not rise to the requirements of Rules 4(e) for individuals and 4(h) for corporations. *See* Dkt. #14 at 8–9.

Accordingly, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #14) is GRANTED for the reasons stated above.

2) All of Plaintiff's claims are DISMISSED without prejudice.

3) This case is CLOSED.

DATED this _5th_ day of September , 2017.


Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING MOTION TO DISMISS - 3